# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ANN MAYER AND RUSSELL MAYER, DDS

VERSUS

GLOBAL ENERGY SERVICES, INC. OF
LOUISIANA, GLOBAL ENERGY SOLUTIONS, LLC,
DAVID GILL, HARTFORD FIRE INSURANCE
COMPANY, GEICO CASUALTY COMPANY, AND USAA
CASUALTY INSURANCE COMPANY

NO. 2020 CW 0882

SEPTEMBER 24, 2020

---

In Re:    David Gill, Global Environmental Solutions, Inc., and
Hartford Fire Insurance Company, applying for
supervisory writs, 21st Judicial District Court,
Parish of Tangipahoa, No. 20190002911.

---

BEFORE:   McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**WRIT GRANTED.** In accordance with recent precedent from this court and the Louisiana Supreme Court, we find the collateral source rule does not apply to the amounts written-off by Ann Mayer's medical providers. These write-offs occurred because Ms. Mayer is a recipient of TRICARE, the Military Health System's federally funded health care benefits program that serves active duty military, retirees, and their families. See **Thomassie v. Amedisys La. Acquisitions, LLC,** 2019-0173 (La. App. 1st Cir. 8/18/20), 2020 WL 4783550,*14 (unpublished), wherein this court held that the collateral source rule does not apply to payments made by TRICARE, because the money for the TRICARE program comes from the general treasury of the United States, and no money is paid directly into the fund by the recipients of TRICARE benefits. Furthermore, the supreme court has made it clear that, where, as here, the plaintiff pays no enrollment fee, has no wages deducted, and otherwise provides no consideration for the collateral source benefits she receives, the plaintiff is unable to recover the write-off amount and is, instead, made whole by recovering the reduced amount. This remains true where the defendant is the tortfeasor. See **Bozeman v. State,** 2003-1016 (La. 7/2/04), 879 So.2d 692); **Hoffman v. 21st Century North American Ins. Co.,** 2014-2279 (La. 10/2/15), 209 So.3d 702, and **Simmons v. Cornerstone Investments, LLC,** 2018-0735 (La. 5/8/19), 282 So.3d 199, declining to apply the collateral source rule where the defendant was the tortfeasor. Thus, we reverse the portion of the trial court's judgment denying relators' motion in limine to exclude the amounts written-off by Ann Mayer's health care providers. The motion in limine is granted in part, and the write-off amount shall be excluded from evidence at the trial on the merits.

JMM
GH
AHP

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT